# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **COREY THRASH, BRIANNA THRASH,** | § | |
| *Plaintiffs* | § | |
| | § | **No.  A-21-CV-00375-LY** |
| **v.** | § | |
| | § | |
| **LIBERTY MUTUAL INSURANCE COMPANY, COREY COPES,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Corey Copes's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure, Dkt. 12, and all responses and replies. The District Judge referred the above motion to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), Fed. R. Civ. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I.       BACKGROUND

This action arises from a first-party insurance claim made under Homeowners Policy No. H37298396293407, issued by Defendant Liberty Mutual Insurance Company to Plaintiffs Corey and Brianna Thrash. The Thrashes filed Claim No. 043808852-01 for storm damage sustained on or about April 22, 2020, to their residence located at 6305 Evangeline Trail, Austin, Texas 78727.

1

On January 27, 2021, the Thrashes served Liberty with a pre-suit demand letter pursuant to Section 542A of the Texas Insurance Code. As part of the notice, Plaintiffs stated that they intended to include Texas resident Corey Copes, the adjuster who was assigned to investigate Plaintiffs' claim, as a party defendant in any lawsuit filed in connection with the claim. By letter dated March 29, 2021, Liberty notified the Thrashes in writing that it elected to accept whatever liability Copes might have to Plaintiffs. Dkt. 12-1.

On March 29, 2021, the Thrashes sued Liberty and Copes in the 201st Judicial District Court of Travis County. *Corey and Brianna Thrash v. Liberty Mutual Insurance Company and Corey Adam Copes, Cause No.* D-1-GN-21-001356. Liberty and Copes subsequently removed the action to federal court based on diversity jurisdiction—Liberty and the Thrashes are completely diverse. Liberty now moves to dismiss Copes from the suit pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows dismissal for failure to state a claim upon which relief may be granted.

## II.      LEGAL STANDARD

The Thrashes allege that Defendants Liberty and Copes violated certain provisions of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Liberty argues that pursuant to Texas Insurance Code § 542A.006(a), no cause of action exists against Defendant Copes for any claim-related damages and the Thrashes' action against him must be dismissed for failure to state a claim. Relying on the jurisdictional theory of doctrine of improper joinder, Liberty argues that there is no possibility that the Thrashes might recover against Defendant Copes for any of

the pleaded causes of action against him in the Petition, and therefore he should be dismissed, allowing the federal court diversity jurisdiction over the case. The Thrashes disagree, arguing they have stated a viable claim against Copes, that the parties are therefore not completely diverse, and belatedly move for the case to be remanded to state court.

While couched as a Federal Rule of Civil Procedure 12(b)(6) motion, Liberty is in fact making an improper joinder argument typical in a remand/removal action in assessing the Court's jurisdiction. "Federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quotation omitted). Accordingly, the undersigned does so here, in the context of addressing Liberty's motion.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). The Court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d

3

568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *Id.* at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court, which is the standard relied upon by Liberty. *Id.* at 573. Under the second alternative, the one at issue here, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of

recovery" (emphasis omitted)). To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted). When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III.   ANALYSIS

This case turns on an amendment to the Texas Insurance Code passed in 2017. The relevant statute, Section 542A.006 of the Texas Insurance Code, affords an insurer the option to assume legal responsibility for the acts and omissions of an adjuster. The statute provides, in pertinent part:

> (a)    . . . in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

> (b)    If an insurer makes an election . . . before a claimant files an action . . . no cause of action exists against the agent related to the

claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

(c)      If a claimant files an action . . . against an agent and the insurer thereafter makes an election . . . the court shall dismiss the action against the agent with prejudice.

Tex. Ins. Code § 542A.006(a)-(c). In sum, under the statute an insurer may accept liability both before suit, at which point "no cause of action exists against the agent," or after suit. If the election is made post-suit, the statute makes clear that although dismissal is mandatory, it is not automatic, but rather requires that the court enter an order dismissing the adjuster. In this case Liberty informed the Thrashes of its election by letter dated March 29, 2021, which was received at 5:19 p.m., Dkt. 15-5, and the Thrashes had filed suit on the same day at 11:29 a.m., Dkt. 1, at 7. Thus, in this case, it is undisputed that the election was made post-suit. The case was removed to federal court on April 29, 2021, without dismissal of Copes. Dkt. 1.

The general rule is that in deciding if removal jurisdiction exists, courts look at the case as it was at the time of removal. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). At the time of removal here, Copes was a party, and thus complete diversity was lacking at that the time, as both Copes and the Thrashes are Texas residents.

Asserting the improper joinder exception to the general rule, Liberty asserts that once it elected to accept liability for Copes under the statute, any suit against him had zero chance of success as a matter of law, rendering his joinder in the suit improper, and vesting this court with jurisdiction. The Thrashes argue that the case was nonremovable based on the initial pleadings, that it has brought viable claims

against Copes, and that since they did not voluntarily act in a way making the case removable, it was improperly removed subject to the voluntary-involuntary rule.

In their Original Petition filed in state court, Dkt. 1, at 7-27, the Thrashes assert claims against Copes for violations of the Texas Insurance Code § 541.060(a), alleging he engaged in unfair claim settlement practices including: failing to act in good faith in violation of Tex. Ins. Code § 542.003(4); knowingly underestimating the amount of property damages in violation of Tex. Ins. Code § 542.003(3); failing to provide the Thrashes with a prompt and reasonable explanation of the basis of the policy and for partial denial of the claim in violation of Tex. Ins. Code § 542.060(a)(3); and unfair competition and deceptive act or business practice in violation of Tex. Ins. Code § 542.060(a)(2)(A). The Supreme Court of Texas and the Fifth Circuit have determined that insurance claim adjusters may be held personally liable under the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1996); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). This case would certainly be nonremovable in the absence of the § 542.006 election

Whether a § 542.006 election that is made after an insured files suit in state court but before the action is removed renders a nondiverse agent an improper party has not been addressed by the Fifth Circuit. *Altom v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-cv-615-RWS-KPJ, 2020 WL 810856, at *3 (E.D. Tex. Jan. 27, 2020). District courts are split regarding whether an insurer's post-suit election renders a

nondiverse adjuster improperly joined. *See Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 671 (S.D. Tex. 2020) (collecting cases).

One line of decisions concludes that a § 542.006 election made after a lawsuit commences but pre-removal renders the in-state adjuster improperly joined because the election, which requires that the adjuster be dismissed with prejudice, precludes any recovery against the adjuster. *See, e.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.,* 490 F. Supp. 3d 1092 (S.D. Tex. 2020)*; Mazhar Footsteps, LLC v. AmGuard Ins. Co.,* No. SA-20-CV-00955-JKP-HJB, 2020 WL 7670245 (W.D. Tex. Dec. 24, 2020); *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019); *Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) ("[E]ven when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent."); *Jiang v. Travelers Home & Marine Ins. Co.*, No. 1:18-CV-758-RP, 2018 WL 6201954, at *2  (W.D. Tex. Nov. 28, 2018).

The other line of decisions concludes that the touchstone of the improper joinder inquiry is whether parties were improperly joined at the time of joinder, and thus that an insurer's § 542.006 election after a lawsuit has commenced does not by itself establish improper joinder. *See, e.g., Green v. Allstate Vehicle & Prop. Ins. Co.,* No. 2:21-CV-120-Z, 2021 WL 4025801 (N.D. Tex. Aug. 26, 2021); *Morgan v. Chubb Lloyds Ins. Co.*, No. 4:21-CV-00100-P, 2021 WL 2102065 (N.D. Tex. May 25, 2021);

*Eichner-Fisher v. Liberty Mut. Ins. Co.*, No. SA:20-CV-263-FB-HJB, 2020 WL 10056217 (W.D. Tex. Aug. 19, 2020), report and recommendation adopted, No. SA:20-CV-263-FB, 2020 WL 10056297 (W.D. Tex. Nov. 30, 2020); *Bar-B-Que Depot, Inc. v. Mesa Underwriters Specialty Ins. Co.,* No. 1:19-CV-625-MAC-KFG, 2020 WL 5536010 (E.D. Tex. Aug. 11, 2020), report and recommendation adopted, No. 1:19-CV-625-MAC, 2020 WL 5534654 (E.D. Tex. Sept. 14, 2020)*; Altom v. Allstate Vehicle & Prop. Ins. Co.,* No. 4:19-CV-615-RWS-KPJ, 2020 WL 81085, at *3 (E.D. Tex. Jan. 27, 2020), report and recommendation adopted, No. 4:19-CV-615-RWS, 2020 WL 805204 (E.D. Tex. Feb. 18, 2020); *Macari v. Liberty Mut. Ins. Co.*, No. CV H-19-3647, 2019 WL 5595304, at *1 (S.D. Tex. Oct. 30, 2019); *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 939, 945-50 (S.D. Tex. July 11, 2019); *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, No. H-19-1212, 2019 WL 2120854, at *2 (S.D. Tex. May 15, 2019); *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1468933 (W.D. Tex. Apr. 22, 2019); *Stephens v. Safeco Ins. Co. of Ind.*, No. 4:18-CV-00595, 2019 WL 109395, at *7 (E.D. Tex. Jan. 4, 2019).

The undersigned agrees with the reasoning set forth in the latter approach, which has so far been embraced by the judges in the Austin Division of the Western District of Texas. *Robbins Place West Campus, LLC, v. Mid-Century Ins. Co.*, No. 18-CV-875-LY, 2019 WL 2183792, at *3 (W.D. Tex. May 21, 2019) ("If a plaintiff's claims against a party were valid at the time of joinder, 'then it cannot be said that the joinder of that party was fraudulent.'"); *River of Life*, 2019 WL 1767339 at *3 ("Church Mutual's election of responsibility therefore did not render Harris's joinder improper,

9

because it did not preclude recovery against Harris until months after his joinder. If Harris is improperly joined, it must be for a reason that predated his joinder."). The proper time to evaluate improper joinder is at the time of joinder. *Smallwood*, 385 F.3d at 573. Accordingly, the undersigned finds that Copes was properly joined in the state court action, that the Thrashes have stated a claim against Copes, complete diversity is lacking, and that this case should be remanded to state court. *See Robbins Place W. Campus, LLC*, 2019 WL 2183792, at *2-3.

To the extent the parties debate the applicability of the voluntary-involuntary doctrine, the undersigned finds it has no impact on the outcome of this case. Under the voluntary-involuntary rule, "if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case [is] removable, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case [cannot] be removed." *Flores*, 2018 WL 5695553, at *1. In the absence of improper joinder, as the undersigned has found here, the voluntary-involuntary rule support's the undersigned's decision to remand. *See Massey v. Allstate Vehicle & Prop. Ins. Co.*, No. H-18-CV-1144, 2018 WL 3017431, at *2 (S.D. Tex. June 18, 2018).

Lastly, Liberty argues that the Thrashes' motion to remand is tardy, and they are correct. However, "any federal court may raise subject matter jurisdiction sua sponte." *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). Remand is proper if at any time the court lacks subject matter jurisdiction. 28 U.S.C.

§ 1447(c). Because the parties were not completely diverse at the time of removal, the Court lacks diversity jurisdiction over them, and remand is proper.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **REMAND** this cause of action to the 201st Judicial District Court of Travis County. It is **FURTHER ORDERED** this cause of action is **REMOVED** from the docket of the undersigned.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 9, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE